Electronically FILED by Superior Court of California, County of Los Angeles on 11/25/2021 02:30 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe, Deputy Clerk
21STCV43165
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Yolanda Orozco

**EXHIBIT A**

Howard L. Magee (State Bar No. 185199)
DIVERSITY LAW GROUP, P.C.
515 S. Figueroa St., Suite 1250
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff TIFFANY MIRANDER
(Additional counsel on next page)

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| TIFFANY MIRANDER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LA 1000 SANTA FE, LLC, a Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 21STCV43165<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br><br>(1) WHISTLEBLOWER RETALIATION IN VIOLATION OF LABOR CODE § 1102.5;<br>(2) WHISTLEBLOWER RETALIATION IN VIOLATION OF LABOR CODE § 98.6;<br>(3) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;<br>(4) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;<br>(5) FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF LABOR CODE §1194;<br>(6) FAILURE TO PROVIDE MEAL AND REST PERIODS IN VIOLATION OF LABOR CODE §226.7;<br>(7) VIOLATION OF LABOR CODE § 203; AND<br>(8) VIOLATION OF LABOR CODE § 226.<br><br>**DEMAND FOR JURY TRIAL**<br><br>(DEMAND OVER $25,000) |

-1-
PLAINTIFF'S COMPLAINT FOR DAMAGES

**EXHIBIT A**

**EXHIBIT A**

### ADDITIONAL COUNSEL

1 

2  Edward W. Choi, Esq. SBN 211334
3  **LAW OFFICES OF CHOI & ASSOCIATES,** A Professional Corporation
   515 S. Figueroa St., Suite 1250
4  Los Angeles, CA 90071
   Telephone: (213) 381-1515
5  Facsimile: (213) 465-4885

6  Attorneys for Plaintiff TIFFANY MIRANDER

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-1-
PLAINTIFF'S COMPLAINT FOR DAMAGES

**EXHIBIT A**

**EXHIBIT A**

## COMPLAINT

Comes now Plaintiff Tiffany Mirander ("Plaintiff"), an individual and hereby alleges and complains against Defendant LA 1000 SANTA FE, LLC, a Limited Liability Company ("Defendant") and Does 1 through 50 (collectively, "Defendants") as follows:

### JURISDICTION AND VENUE

1.  Jurisdiction and venue are proper in this Court because Plaintiff worked for Defendant in Los Angeles, California, which is in Los Angeles County. Moreover, jurisdiction and venue are proper in this Court because the unlawful employment actions occurred in this County and the relevant records are located in this County.

### PARTIES

2.  Plaintiff was hired by Defendant on July 31, 2019. Defendant unlawfully terminated Plaintiff on or about September 16, 2021, in retaliation for complaining about Defendant's improper wage and hour practices.

3.  Defendant LA 1000 SANTA FE, LLC is a Limited Liability Company in the business of operating multiple hotels and eateries in the private member's club industry. At all times mentioned herein, Defendant was and still is a limited liability company with businesses located in the State of California.

### DOE DEFENDANTS

4.  Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as Does 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and, based thereon alleges, that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff to be subject to the illegal employment practices, wrongs and injuries complained of herein.

### AGENCY STATUS OF EACH DEFENDANT

5.  At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants,

**EXHIBIT A**

**EXHIBIT A**

and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

6. Plaintiff is informed and believes and, based thereon alleges, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

7. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

8. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## FACTUAL ALLEGATIONS

9. At the time of her wrongful termination, Plaintiff Tiffany Mirander ("Plaintiff") was employed by Defendant LA 1000 SANTA FE, LLC as an Overnight Manager. Plaintiff was a dedicated, loyal and hard working employee who performed her job duties and responsibilities well.

10. In or about June 2020, Plaintiff and other managers returned to work for Defendant after the State of California lifted the stay at home order due to the COVID-19 pandemic. Plaintiff and other managers were required to work four (4) days per week, instead of their normal (pre-COVID-19) five (5) days per week. Further, Plaintiff and other managers were required to take a 20% pay reduction based on the lower number of days worked. However, instead of working their normal eight (8) hour shifts, Plaintiff and other managers were scheduled to work twelve (12) hour shifts. While other

**EXHIBIT A**

managers were allowed to work four (4) consecutive days and have three (3) consecutive days off, Plaintiff was not provided with the same schedule. In early 2021, Plaintiff complained to her General Manager, Luis Villaneda, about the working conditions and also requested that she be paid overtime wages since she was working over 40 hours per week, but only being paid for 32 hours per week. In response to her request, Luis Villaneda replied, "If you are unhappy, there is the door."

11. After complaining about Defendant's illegal wage and hour practices, and as a result of merely asking Defendant to follow the law and properly pay Plaintiff for all hours worked, Plaintiff was subjected to an illegal campaign of retaliation that ultimately resulted in the wrongful termination of her employment on September 16, 2021.

12. Defendant's campaign of retaliation included the baseless denial of Plaintiff's requests to be transferred/promoted to various open/available positions that Plaintiff was qualified for. In this regard, Plaintiff was improperly denied the opportunity to work in the Front Manager position despite representations that she would be legitimately considered for said position.

13. Moreover, in the latter part of August 2021, Plaintiff inquired of Defendant's Recruitment Department about being transferred to a new remote position that had recently opened up. As part of her inquiry into this open/new position, Plaintiff again complained about the working conditions she was being subjected to, which included, but was not limited to the fact that she was not being properly paid for the hours she was actually working in violation of California's wage and hour laws. Several weeks after lodging this complaint, Plaintiff was wrongfully terminated. The purported reason for Plaintiff's termination was pretextual. Plaintiff's termination was in fact an act of retaliation in violation of California law.

14. As an actual and proximate result of the illegal employment actions of Defendant, Plaintiff has suffered and continues to suffer pain, humiliation, severe emotional distress, trauma, and sleeplessness. Also, as an actual and proximate result of Defendant's illegal employment actions, Plaintiff has suffered lost wages, including without limitation, loss of wages and/or salary, commissions, incentivized compensation, and bonuses. Plaintiff also has suffered a loss in earning capacity. Thus, Plaintiff has suffered economic and non-economic losses in an amount greater than this Court's jurisdictional minimum of $25,000. Plaintiff seeks lost wages and loss in earning capacity, as well as

**EXHIBIT A**

**EXHIBIT A**

compensatory damages for pain and suffering, inconvenience, and mental anguish. Plaintiff also seeks punitive damages, interest, attorneys' fees, and costs, as permitted by law.

15. Further, despite her position as a Manager, for more than 50% of Plaintiff's actual time she worked shifts that primarily involved manual labor in performing menial tasks including closing the restaurant, checking in and out guests, answering emails, answering calls, accounting and running the night audit, and other tasks as assigned by Defendant. Plaintiff's primary job duties did not include, employment in an administrative, executive or professional capacity. More particularly, Plaintiff was never primarily engaged in any work which was intellectual, managerial or creative, and which required exercise of discretion and independent judgment. Plaintiff further alleges that her employment was subject to all wage and hour laws and rules, including those concerning overtime pay; that Defendant misclassified Plaintiff as an exempt manager; and that her salary and other payments were inadequate to compensate her for the overtime hours she worked. Accordingly, Plaintiff was, at all times relevant to this action, what is commonly called a non-exempt employee.

## FIRST CAUSE OF ACTION

## WHISTLEBLOWER RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE SECTION 1102.5

### (AGAINST DEFENDANT AND DOES 1-50 BY PLAINTIFF)

16. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

17. At all relevant times herein, California Labor Code § 1102.5 was in full force and effect and was binding on Defendant. Section 1102.5(b), in pertinent part, provides:

> [a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance…if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

-5-
PLAINTIFF'S COMPLAINT FOR DAMAGES

**EXHIBIT A**

**EXHIBIT A**

18. As alleged herein, Plaintiff complained to Defendant about Defendant's failure to properly pay Plaintiff for all overtime hours worked. Plaintiff had (and has) reasonable cause to believe that such conduct violated local or state rules or regulations including, but not limited to, California Labor Code §§ 1194 and 1198; California Business and Professions Code § 17200, and the Wage Order. Plaintiff was subsequently terminated as a result of these complaints.

19. As a direct and proximate result of Defendant's unlawful acts, practices, and omissions, Plaintiff has suffered damages in an amount subject to proof at trial. Plaintiff claims such amount as damages together with prejudgment interest thereon pursuant to California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for prejudgment interest.

20. As a direct and proximate result of Defendant's unlawful acts, practices, and omissions, and inasmuch as Defendant is a corporation or limited liability company, Plaintiff seeks civil penalties against Defendant pursuant to California Labor Code § 1102.5(e), which provides in pertinent part: "[i]n addition to other penalties, an employer that is a corporation or limited liability company is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of this section."

21. As a proximate result of Defendant's retaliation against Plaintiff, she has been forced to hire attorneys to prosecute the claims alleged herein, and has incurred and is expected to continue to incur attorneys' fees. Pursuant to California Government Code Section 1102.5, Plaintiff requests the award of attorneys' fees against Defendant.

22. By engaging in the aforementioned unlawful acts, practices, omissions, and by condoning and ratifying such acts by failing to properly investigate and adequately discipline the perpetrators of these practices and omissions, Defendant intended to cause injury to Plaintiff. Defendant intentional and injurious conduct toward Plaintiff was reckless, malicious, and despicable, and was carried out with a conscious and willful disregard of the rights and safety of others. Therefore, Plaintiff seeks an award of punitive damages, sufficient to punish Defendant and to serve as an example to deter it from similar conduct in the future. Plaintiff claims such amount as damages together with prejudgment interest thereon pursuant to California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for prejudgment interest.

///

**EXHIBIT A**

**EXHIBIT A**

## SECOND CAUSE OF ACTION

## WHISTLEBLOWER RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE § 98.6

### (AGAINST DEFENDANT AND DOES 1-50 BY PLAINTIFF)

23. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

24. At all relevant times herein, California Labor Code § 98.6 was in full force and effect and was binding on Defendant. Section 98.6(a), in pertinent part, provides:

> A person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter, including the conduct described in subdivision (k) of Section 96, and Chapter 5 (commencing with Section 1101) of Part 3 of Division 2, or because the employee or applicant for employment has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights that are under the jurisdiction of the Labor Commissioner, made a written or oral complaint that he or she is owed unpaid wages, or because the employee has initiated any action or notice pursuant to Section 2699, or has testified or is about to testify in a proceeding pursuant to that section, or because of the exercise by the employee or applicant for employment on behalf of himself, herself, or others of any rights afforded him or her.

25. As alleged herein, Plaintiff complained about Defendant's failure to pay Plaintiff for overtime hours worked. In response thereto, Plaintiff was wrongfully terminated.

26. As a direct and proximate result of Defendant's unlawful acts, practices, and omissions, Plaintiff has suffered damages in an amount subject to proof at trial. Plaintiff claims such amount as damages together with prejudgment interest thereon pursuant to California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for prejudgment interest.

27. By engaging in the aforementioned unlawful acts, practices, omissions, and by condoning and ratifying such acts, Defendant intended to cause injury to Plaintiff. Defendant's intentional and injurious conduct toward Plaintiff was reckless, malicious, and despicable, and was carried out with a conscious and willful disregard of the rights and safety of others. Therefore, Plaintiff seeks an award of punitive damages, sufficient to punish Defendant and to serve as an example to deter it from similar conduct in the future. Plaintiff claims such amount as damages together with prejudgment interest

**EXHIBIT A**

**EXHIBIT A**

1 thereon pursuant to California Civil Code §§ 3287, 3288, and/or any other applicable provision
2 providing for prejudgment interest.

### THIRD CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (AGAINST DEFENDANT AND DOES 1-50 BY PLAINTIFF)

28. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

29. Labor Code § 1198 provides that "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

30. Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

31. Moreover, The Wage Order provides that "such employees shall not be employed more than eight (8) hours in any workday or more than forty (40) hours in any workweek unless the employee receives one and one-half (1 ½ ) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek and for the first eight (8) on the seventh (7th) day of work and double the employee's regular rate of pay for all hours worked over eight (8) on the seventh (7th) day of work in the workweek. Nonetheless, Defendant violated these policies by wrongfully terminating Plaintiff on September 16, 2021, because of her complaints regarding these wage and hour violations.

32. As a proximate result of Defendant's wrongful termination of Plaintiff, she has suffered and continues to suffer compensatory damages, including without limitation, severe emotional distress, lost wages, benefits, and compensation, and loss of future earnings and earning capacity in the amount of at least $25,000.00, according to proof at the time of trial, which is in excess of the jurisdictional minimum for this lawsuit to qualify as an unlimited civil action. Plaintiff claims such amounts as

**EXHIBIT A**

**EXHIBIT A**

1 damages, together with prejudgment interest accruing from the date of the filing of this action pursuant to California Civil Code Sections 3281 and/or 3288, and/or any other provision of law providing for prejudgment interest.

33. Further, because the wrongful acts against Plaintiff were carried out, authorized, or ratified by Defendant's directors, officers, and/or managing agents, acting with malice, oppression, or fraud, or were deliberate, willful, and in conscious disregard of the probability of causing injury to Plaintiff, he seeks punitive damages to deter Defendant from committing said illegal acts in the future.

### FOURTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(AGAINST DEFENDANT AND DOES 1-50 BY PLAINTIFF)

34. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

35. When Defendant committed the acts described above, it did so deliberately and intentionally to cause Plaintiff to suffer humiliation, mental anguish, and emotional distress. The outrageousness of the above-described conduct is amplified due to upper management's abuse of their positions with actual and apparent authority over Plaintiff, such as is commonly found in employment relationships. The Defendant was aware that its unlawful acts would cause Plaintiff to suffer extreme emotional distress and other consequential damages.

36. The above-said acts of the Defendant constituted intentional infliction of emotional distress against Plaintiff and such conduct of the Defendant was a substantial or determining factor in causing damage and injury to Plaintiff.

37. As a result of Defendant's intentional infliction of emotional distress, Plaintiff has suffered and continues to suffer substantial loss and damages including, loss of salary, future advancement, bonuses, benefits, embarrassment, humiliation, and mental anguish in an amount to be determined at trial.

38. Defendant committed said intentional infliction of emotional distress alleged herein against Plaintiff, maliciously, fraudulently, and oppressively with the wrongful intent of injuring Plaintiff for an improper and evil motive which constitutes a malicious and conscious disregard of

-9-
PLAINTIFF'S COMPLAINT FOR DAMAGES

**EXHIBIT A**

Plaintiff's rights. Plaintiff is thereby entitled to punitive damages from the Defendant in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF LABOR CODE § 1194
### (AGAINST DEFENDANT AND DOES 1-50 BY PLAINTIFF)

39. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

40. At all times relevant herein, Defendant was required to compensate their non-exempt employees correct and proper overtime wages for all overtime hours worked in excess of 8 hours in a work day or 40 hours in a work week pursuant to California Labor Code § 1194 and IWC Wage Order No. 4-2001.

41. Defendant misclassified Plaintiff as an exempt employee, thereby denying her of her proper overtime wages.

42. Defendant regularly required Plaintiff to work hours in excess of 8 hours in a work-day or 40 hours in a work week without the payment of proper overtime wages, in violation of Labor Code §§515 and 1194 and IWC Wage Order No. 4-2001.

43. In violation of Labor Code §515, Defendant improperly paid Plaintiff a bi-monthly salary, without payment of overtime wages. Plaintiff estimates that her unpaid overtime wages amount to at least **$36,754.43**, but more specifically according to proof at trial.

44. Plaintiff is informed and believes and based thereon alleges Defendant willfully failed to pay Plaintiff all overtime wages for all hours worked. Plaintiff is informed and believes, and based thereon alleges, that Defendant's willful failure to provide all overtime wages due and owing her upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff is entitled to compensation pursuant to Labor Code § 203.

45. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of overtime wages owing, including interest thereon, attorneys fees, and costs of suit according to the mandate of California Labor Code §

**EXHIBIT A**

**EXHIBIT A**

1194.

## SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL AND REST PERIODS IN VIOLATION OF LABOR CODE §226.7

(AGAINST DEFENDANT AND DOES 1-50 BY PLAINTIFF)

46. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

47. Defendant failed in its affirmative obligation to provide Plaintiff with all proper meal and rest periods in accordance with the mandates of the California Labor Code and applicable IWC Wage Order. Plaintiff was suffered and permitted to work through legally required meal and rest breaks. As such, Defendant is responsible for paying premium compensation for missed meal periods pursuant to Labor Code § 226.7 and IWC Wage Order No. 4 § 12(B). Defendant is required to pay Plaintiff one (1) hour of pay at Plaintiff's regular rate of compensation for each workday that the meal and rest break was not provided.

48. Plaintiff regularly worked in excess of four (4) hours per day and accordingly had a right to take a 10-minute rest period each shift worked in excess of four (4) hours.

49. Plaintiff regularly worked in excess of five (5) hours per day and accordingly had a right to take a 30-minute meal period each shift worked in excess of five (5) hours.

50. As a pattern and practice, Defendant failed to provide Plaintiff duty-free meal and rest periods without just compensation.

51. Defendant's failure to provide Plaintiff with the opportunity to take proper meal and rest breaks was willful and done with the wrongful and deliberate intention of injuring Plaintiff, from improper motives amounting to malice, and in conscious disregard of the rights of Plaintiff.

52. Plaintiff is informed and believes, and based thereon alleges that Defendant willfully failed to pay her the premium compensation set out in Labor Code § 226.7 and IWC Wage Order No. 4 § 12(B). Specifically, Plaintiff alleges that an extra hour of pay for each day was not provided her meal break. Similarly, Plaintiff alleges that she is due an extra hour of pay for each day she was not provided

-11-
PLAINTIFF'S COMPLAINT FOR DAMAGES

**EXHIBIT A**

**EXHIBIT A**

1 her rest break. Plaintiff estimates that she is owed **$23,830.32** in premium wages.

2 53. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and IWC Wage Order No. 4 § 12(B), including interest thereon and costs of suit.

### SEVENTH CAUSE OF ACTION
### FOR VIOLATION OF LABOR CODE § 203
### (AGAINST DEFENDANT AND DOES 1-50 BY PLAINTIFF)

54. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

55. At all times relevant herein, Defendant was required to pay its employees all wages owed in a timely fashion at the end of employment pursuant to California Labor Code §§ 201 to 203.

56. Defendant failed to pay Plaintiff her overtime wages and meal and rest break premium wages pursuant to Labor Code §§201-203 at the time of her termination. Accordingly, Defendant owes waiting time penalties pursuant to Labor Code § 203 in the amount of **$7,687.20** for in Labor Code §203 penalties.

### EIGHTH CAUSE OF ACTION
### VIOLATION OF LABOR CODE § 226
### FOR FAILURE TO PROVIDE ACCUARTE WAGE STATEMENTS
### (AGAINST DEFENDANT AND DOES 1-50 BY PLAINTIFF)

57. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

58. Defendant, as a matter of uniform policy and practice and procedure, did not provide accurate wage statements to Plaintiff in violation of Labor Code §226. Specifically, due Defendant's misclassification of Plaintiff as a salaried employee, Defendant failed to provide the accurate hours worked, gross wages earned, net wages earned and total hours worked.

59. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff, in a civil action, for all

**EXHIBIT A**

**EXHIBIT A**

damages and/or penalties pursuant to Labor Code §226, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code §226.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment to be entered in his favor and against Defendant, and each of them, as follows:

1. All special damages, according to proof;
2. General damages for emotional distress and mental anguish in a sum according to proof;
3. Exemplary and punitive damages in a sum appropriate to punish Defendant and set an example for others;
4. Unpaid overtime wages pursuant to Labor Code §§515 and 1194 in the amount of $36,754.43, but more specifically according to proof;
5. Unpaid premium wages pursuant to Labor Code §226.7 in the amount of $23,830.32, but more precisely according to proof and for interest and costs;
1. Labor Code §203 waiting penalties in the amount of $7,687.20, but more precisely according to proof;
6. Labor Code §226 wage statement penalties in the amount of $4,000.00, but more specifically, according to proof;
7. For all costs and unpaid wages due and other monetary relief, according to proof;
8. Prejudgment interest at the prevailing legal rate;
9. Attorneys' fees pursuant to California Government Code Section 12965(b); 1102.5; 226; 1194;
10. Costs of suit; and
11. Such other and further relief as the Court may deem proper.

DATED: November 23, 2021

LAW OFFICES OF CHOI & ASSOCIATES

By: _____
Edward W. Choi
Attorneys for Plaintiff TIFFANY MIRANDER

-13-
PLAINTIFF'S COMPLAINT FOR DAMAGES

**EXHIBIT A**

**EXHIBIT A**

## DEMAND FOR JURY TRIAL

Plaintiff Tiffany Mirander hereby demands a trial by jury.

DATED: November 23, 2021

LAW OFFICES OF CHOI & ASSOCIATES

By: _____
Edward W. Choi
Attorneys for Plaintiff TIFFANY MIRANDER

-14-
PLAINTIFF'S COMPLAINT FOR DAMAGES

**EXHIBIT A**